IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS


MARK ISAACS,

Petitioner,                                              No. 13–cv–0039–DRH–SCW

vs.

JANET NAPOLITANO,

Respondent.


# MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

Pending now before this Court is petitioner's writ of habeas corpus (Doc. 1), challenging the constitutionality of his confinement.

A federal judge is obliged to make an inquiry *sua sponte* if a doubt arises as to the existence of its jurisdiction. *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 447–48 (7th Cir. 2000). *Accord Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). Because the district court lacks jurisdiction for this § 2241 petition, this case is **DISMISSED**.

Petitioner Mark Isaacs, a native of Guyana, served a forty-month sentence for unauthorized use of an access device in violation of 18 U.S.C. § 1029(a)(2).[1] He is now in detention pending removal to his native country. In his instant petition, brought pursuant to 28 U.S.C. § 2241, Petitioner seeks an end to what he describes as his prolonged detention (and apparently for the Court to have the government produce certain documentary evidence from his criminal trial).

The Immigration and Nationality Act ("INA") authorizes the removal of aliens under specific circumstances, and authorizes the Attorney General to cancel the removal of an otherwise-deportable alien if certain requirements are met. 8 U.S.C. §§ 1225(b), 1229a, *et seq.* In the final analysis, the somewhat confusing argument made by Petitioner in this case is a challenge to the immigration proceedings that have preceded his current detention, and thus a challenge to orders that were part and parcel of the deportation proceeding. (Doc. 1).

The contours of judicial review of orders of removal are set by 8 U.S.C. § 1252. Congress amended § 1252 in 2005, when it passed the "REAL ID Act," Pub.L. No. 103-13, 119 Stat. 231. The Act took § 2241 habeas jurisdiction for orders of removal away from federal district courts, and gave it exclusively to the Courts of Appeals. As codified at 8 U.S.C. § 1252,

> a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of

---

[1] The Appellate Court's disposition of Isaacs' direct criminal appeal can be found at *USA v. Isaacs*, 593 F.3d 517 (7th Cir. 2010).

>  an order of removal entered or issued under any provision of this chapter. [2]

8 U.S.C. § 1252(a)(5). *See also Padilla v. Gonzalez*, 470 F.3d 1209, 1214 (7th Cir. 2006) ("…Congress clearly intended the courts of appeals to be the one judicial forum for hearing challenges to administrative removal orders"). *Accord Rosales v. Bureau of Immigration & Customs Enforcement*, 426 F.3d 733, 735–36 (5th Cir. 2005) ("Section 106 of the REAL ID Act has divested federal courts of jurisdiction over § 2241 petitions attacking removal orders, effective immediately and retroactively.")).

Here, Petitioner claims he is not asking for the Court to review his final order of removal, his criminal conviction, or the legality of his detention pending deportation. (See Doc. 19). He instead claims he is requesting mandamus relief and for the Immigration Judge to consider certain evidence relevant to the issue of deportation. Petitioner's Notice of Habeas does not contain any mention of mandamus relief and he mentions it for the first time in his Reply to the government's response. Furthermore, it is clear from the substance of Petitioner's pleadings that he is challenging the removal proceedings. In his Writ, Petitioner cites to the transcript of the hearing at length and challenges the Judge's decision in that hearing to rely on the conviction documents over the exhibit that Petitioner claims the government is withholding from him. (Doc. 1,

---

[2] Habeas review *is* available under 8 U.S.C. § 1252, but *only* to determine whether the petitioner is an alien, whether the petitioner was ordered removed, and whether the petitioner can prove by a preponderance of the evidence that he is an alien lawfully admitted for permanent residence or has been granted asylum (such status not having been terminated). 8 U.S.C. § 1252(e)(2).

pp. 5-6). Therefore, it is clear that Petitioner is requesting review of his removal proceedings. This Court has no jurisdiction to do so. The Court of Appeals has sole jurisdiction of such determinations. Accordingly, Petitioner's writ is **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

Signed this 20th day of May 2013.

Digitally signed by David R. Herndon
Date: 2013.05.20 12:06:23 -05'00'

**Chief Judge**
**United States District Court**